IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JULIE A. SU, ) | |
| Acting Secretary of Labor, ) | CIVIL ACTION NO. |
| United States Department of Labor, ) | |
| ) | 6:24-cv-00569-LSC |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| MAR-JAC POULTRY OF ALABAMA, LLC, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor, respectfully moves that this Court, pursuant to Fed. R. Civ. P. 65 and Section 17 of the Fair Labor Standards Act of 1938 (hereinafter "the FLSA"), issue: (1) a temporary restraining order, to remain in effect until a hearing can be held, and (2) a preliminary injunction, to be issued after a hearing, each of which would restrain Defendant as follows:

1. Defendant shall not employ oppressive child labor, as defined in 29 U.S.C. § 203(l), in violation of Sections 12(c) and 15(a)(4) of the FLSA, including by Defendant suffering or permitting to work any person under the age of 18 years in any hazardous occupation prohibited by 29 C.F.R. § 570.61, including but not limited to all boning occupations and work on the kill floor;

2. To facilitate compliance with ¶ 1 above, Defendant must produce to the Acting Secretary within three (3) days of the date of this Order a list of all individuals they have employed since

May 1, 2023, with each employee's most recent phone number, mailing address, email address, date of birth, and records showing all pay received and all hours worked.

3. Defendant shall not, in violation of 29 U.S.C. § 212(a), ship or deliver for shipment into commerce any goods produced at an establishment in or about which thirty days prior to the removal of such goods therefrom any oppressive child labor has been employed, including the oppressive child labor described in ¶ 1 above. This paragraph applies to the establishment located at 3301 3rd Ave, Jasper, Alabama 35501, and any other establishments where the Acting Secretary may identify oppressive child labor.

4. To ensure compliance with ¶ 3, Defendant must do the following establishment subject to ¶ 3 ("Subject Establishment"):

a. Defendant must allow the Wage and Hour Division regular access to any Subject Establishment to inspect goods.

b. Within one day of this Order or 24 hours of notice by the Acting Secretary that she has discovered oppressive child labor at a Subject Establishment, whichever is later, provide an accounting to the Acting Secretary of all goods at the Subject Establishment. Such an accounting must include:

i. The total number and type of boxes, bins, and pounds of all poultry and poultry byproducts, whether or not these products have been cut, deboned, moved, or otherwise handled in any manner, at the Subject Establishment, with the accounting to commence at the start of business operations on the date oppressive child labor was last employed at a Subject Establishment;

    ii. The total number and type boxes, bins, and pounds of all poultry and poultry byproducts moved from the Subject Establishment to any facility owned, operated, managed, supervised, or controlled by Defendant, whether or not these products have been cut, deboned, moved, or otherwise handled in any manner, with the accounting to commence at the start of business operations on the date the accounting is requested;

    iii. The names and contact information for all vendors from whom any poultry on site was received and the quantities of product received;

    iv. The names and contact information for all third-party customers to whom poultry was to be sold to or shipped or distributed for shipment from the Subject Establishment and in what quantities;

    v. Descriptions of all other goods intended for shipment or delivery for shipment, and the quantities of those goods as of the morning of the accounting request, and the names and contact information for any customer involved in the purchase of those goods and the quantities of goods each customer had purchased.

c. For any goods subject to ¶ 3 that have not been removed from a Subject Establishment, refrain from shipping such goods until 30 days have passed since the Acting Secretary discovered the employment of oppressive child labor at a Subject Establishment.

d. For any goods subject to ¶ 3 that have been removed from a Subject Establishment that remain within Defendant's control, refrain from shipping any such hot goods absent agreement by the Acting Secretary.

e. For any goods subject to ¶ 3 that have been removed from a Subject Establishment that are no longer within Defendant's control:

i. Disgorge all profits related to any such hot goods shipped or delivered for shipment into commerce. Such disgorgement must occur within 14 days of the Acting Secretary providing a calculation of such profits. If Defendant contests the Acting Secretary's calculation, they must file a motion with the Court to establish the amount Defendant must disgorge. Any such motion must be filed within 14 days of receiving a disgorgement calculation from the Acting Secretary. During the pendency of such motion, Defendant shall post a bond in favor of the Acting Secretary in the amount of the disputed calculation or deposit said amount in the Court's registry.

ii. Within 24 hours of any request by the Acting Secretary, Defendant must identify to the Acting Secretary who they provided such goods to so that the Acting Secretary may take all necessary action to prevent further shipments into commerce in violation of 29 U.S.C. § 212(a). To comply with this subparagraph, Defendant must produce within 24 hours of the Acting Secretary's request any documentation evidencing the transfer of such goods out of Defendant's control, including all shipping and delivery records, including contracts, purchase orders, invoices, receipts, bills of lading, and any other documents in its possession, control or custody concerning the shipment, delivery for shipment, transportation, offer for transportation, or sale of poultry goods.

iii. Within one day of the date of this Order or 24 hours of notice by the Acting Secretary that she has discovered the employment of oppressive child labor at a

Subject Establishment, whichever is later, provide notice of this Temporary Restraining Order to any person or entity Defendant has knowledge of receiving such goods.

5. To permit the Acting Secretary to perform the calculation specified in ¶ 4(e)(i), within seven days of the date of this Order or seven days of notice by the Acting Secretary that she has discovered the employment of oppressive child labor at a Subject Establishment, whichever is later, Defendant must submit to the Acting Secretary the record of all revenues and all expenses associated with revenues earned from the transport, offer for transport, shipping, delivery for shipment, or sale in commerce of goods subject to ¶ 3.

This Application is based on the accompanying: Memorandum of Points and Authorities; Declarations of Wage and Hour Investigators Lindsey Arnold, Daniel Roman, Kassandra Rountree, and Jessenia Diaz Lopez.  The Acting Secretary is likely to succeed on the merits of her claims that Defendant violated FLSA Sections 11(a), 12, and 15(a)(4) by: employing oppressive child labor in poultry processing facilities and interfering with the Acting Secretary's ability to investigate and otherwise enforce the FLSA. Unless Defendant is enjoined and restrained as described above, the health and safety of minor employees, the Acting Secretary, Defendant's law-abiding competitors, and the public interest all will be irreparably harmed.

Plaintiff has discussed resolution of this matter with Defendant.  On May 1, 2024, Plaintiff informed Defendant in writing, through counsel, that any movement of the hot goods would violate Section 12 of the Act.  Plaintiff further discussed the prohibition against the movement of hot goods with Defendant on May 1, 2024, on a telephone conference with counsel for Defendant.  Plaintiff notified Defendant that she would seek a Temporary Restraining Order and Preliminary Injunction if Defendant would not voluntarily comply.  After that call, on May 1, 2024,

Defendant's counsel indicated via email that it would not voluntarily agree not to ship the hot goods.

WHEREFORE, Plaintiff moves the Court to issue a Temporary Restraining Order in accordance with this motion and to enter such further orders as may be necessary and appropriate.

Respectfully submitted,

ADDRESS:

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

Telephone:
(678) 237-0623
(404) 302-5438 (Facsimile)
Murphy.kristin.r@dol.gov
gainey.john.o@dol.gov
atl.fedcourt@dol.gov

SEEMA NANDA
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

KRISTIN MURPHY
Acting Counsel

By: */s/ John O. Gainey*
      JOHN O. GAINEY
      Trial Attorney

Attorneys for the Acting Secretary
of Labor, United States
Department of Labor

## **CERTIFICATE OF SERVICE**

I certify that on May 7, 2024, the foregoing Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, Memorandum Brief in Support of Plaintiff's Motion for Temporary Restraining Oder and Preliminary Injunction, and the proposed Order was filed using the CM/ECF system and a copy was served via electronic mail on the following counsel of record:

>Larry Stine
>WIMBERLY, LAWSON, STECKEL,
>SCHNEIDER, & STINE, P.C.
>Lenox Towers, Suite 400
>3400 Peachtree Road, N.E.
>Atlanta, GA 30326
>jls@wimlaw.com

>*/s/  John O. Gainey*
>JOHN O. GAINEY
>Trial Attorney
>Office of the Solicitor
>U.S. Department of Labor
>gainey.john.o@dol.gov
>Atlanta Docket
>atl.fedcourt@dol.gov

SOL Case No. 24-00271