# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| JULIE A. SU,  )  <br>Acting Secretary of Labor,  )  <br>United States Department of Labor,  )  <br>    )  <br>                Plaintiff,  )  <br>    v.  )  <br>    )  <br>MAR-JAC POULTRY OF ALABAMA, LLC,  )  <br>    )  <br>                Defendant.  )   | CIVIL ACTION NO.<br><br>6:24-cv-00569-LSC |

## [PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER; [PROPOSED] ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

This matter is before the Court on the Acting Secretary of Labor's Motino for Temporary Restraining and Preliminary Injunction against Mar-Jac Poultry of Alabama, LLC("Defendant") relating to the use of oppressive child labor in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.

The Acting Secretary presented evidence that Defendant has violated and are likely to continue to violate the child labor provisions of the FLSA. If Defendant's conduct is not immediately rectified, Defendant's employees, Defendant's law-abiding competitors, and the Acting Secretary, who was authorized by Congress to enforce the FLSA in the public interest, will be irreparably harmed: Defendant will continue to employ oppressive child labor to the risk of minors' life and limb; to ship goods into interstate commerce produced at establishments employing oppressive child labor and by workers paid unlawful wages (thereby undercutting law-abiding competitors); to interfere with the Acting Secretary's ability to communicate with employees and otherwise enforce the FLSA, and the workers' right to oppose Defendant's unlawful employment practices.

Thus, the Court hereby **GRANTS** the following Temporary Restraining Order:

The Court **ENJOINS** Defendant, including their agents, family members, attorneys, supervisors, managers, co-employers, employees, successors, or officers, owners, agents, or directors, and all those in active concert or participation with Defendant as follows:

1. Defendant shall not employ oppressive child labor, as defined in 29 U.S.C. § 203(l), in violation of Sections 12(c) and 15(a)(4) of the Fair Labor Standards Act, and, in particular:

   a. Defendant shall not suffer or permit to work any person under the age of 16 years in violation of 29 C.F.R. § 570.35;

   b. Defendant shall not suffer or permit to work any person under the age of 16 years in an occupation prohibited by 29 C.F.R. § 570.61, including but not limited to: all occupations on the killing floor, all occupations involved in the operation or feeding of the following power-driven machines, all boning occupations, and all work in the preparation of meats for sale except as permitted by 29 C.F.R. § 570.34(j); and any occupations that the Secretary of Labor, may, pursuant to section 3(l) of the Fair Labor Standards Act, find and declare to be hazardous for the employment of minors between 16 and 18 years of age or detrimental to their health or well-being such as occupations in or about slaughtering and meat packing establishments; and

   c. Defendant shall not suffer or permit to work any person under the age of 18 years in any hazardous occupation prohibited by 29 C.F.R. § 570.61, including but not limited to all boning occupations.

2. Defendant shall produce to the Acting Secretary within three (3) days of the date of this Order a list of all individuals they have employed since August 1, 2020, with each employee's most recent phone number, mailing address, email address, date of birth, and records showing all pay received and all hours worked.

3. Defendant shall make, keep, and preserve accurate and complete employment records as required by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations at 29 C.F.R. Part 516, and shall provide access to any of these records to the Acting Secretary upon request.

4. To facilitate compliance with ¶ 3 above, Defendant shall provide the Acting Secretary with access to all time, piece rate, and payroll records each pay period as they are completed.

5. To facilitate compliance with ¶ 3 above, before the start of each workweek, Defendant shall produce to the Acting Secretary a list of workers who will be working in each workweek, the location(s) where they will be working, and their anticipated start and stop times at the location.

6. Defendant is enjoined from, in violation of 29 U.S.C. § 215(a)(3), retaliating, intimidating, or discriminating in any way against any current or former employee of Defendant who exercises their rights under the FLSA, including but not limited to testifying or otherwise reporting information to the Acting Secretary. Prohibited retaliatory actions include directing employees not to speak to representatives of the Acting Secretary, telling employees that communication with the Acting Secretary will result in immigration or other legal action against them, and otherwise deterring employees from cooperating with or speaking to the Acting Secretary's representatives through threats, bribes, or intimidation. Prohibited retaliatory actions also include, but are not limited to, termination, reduction of hours, reduction of pay, or threats to report employees to law enforcement agencies including immigration authorities. Defendant shall not terminate any workers without first giving the employee and the Acting Secretary of Labor notice as to who is being fired and why.

7. Defendant shall not, in violation of 29 U.S.C. § 212(a), ship or deliver for shipment into commerce any poultry produced or processed at its poultry processing facilities located at 3301 3rd Ave, Jasper, Alabama 35501 in or about which within thirty days prior to the removal of such goods therefrom any oppressive child labor has been employed, including the oppressive child labor described in Paragraph 1 above.

8. For any goods subject to Paragraph 7 that have been removed from at its poultry processing facilities located at 3301 3rd Ave, Jasper, Alabama 35501 that are no longer with Defendant's control, Defendant shall:

   a. Disgorge all profits related to any such hot goods shipped or delivered for shipment into commerce. Such disgorgement must occur within 14 days of Plaintiff providing a calculation of such profits. If Defendant contests Plaintiff's calculation, it must file a motion with the Court to establish the amount Defendant must disgorge. Any such motion must be filed within 14 days of receiving a disgorgement calculation from Plaintiff. During the pendency of such motion, Defendant shall post a bond in favor of Plaintiff in the amount of the disputed calculation or deposit said amount in the Court's registry.

   b. Within 24 hours of any request by Plaintiff, Defendant must identify to Plaintiff who they provided such goods so that Plaintiff may take all necessary steps to prevent further shipments into commerce in violation of 29 U.S.C. § 212(a). To comply with this subparagraph, Defendant must produce within 24 hours of Plaintiff's request any documentation evidencing the transfer of such goods out of Defendant's control, including all shipping and delivery records, including contracts, purchase orders, invoices, receipts, bills of lading, and any other

      documents in its possession, control, or custody concerning the shipment, delivery for shipment, transportation, offer for transportation, or sale of poultry goods.

      c. Within 24 hours, provide notice of this Temporary Restraining Order to any person or entity Defendant has knowledge of receiving such goods.

9. To permit Plaintiff to perform the calculation specific in Subparagraph 8(a), within seven days, Defendant must submit to Plaintiff the record of all revenues and expenses associated with profits earned from the transport, offer for transport, shipping, delivery for shipment, or sale in commerce of goods subject to Paragraph 7.

10. Defendant shall provide notice of this Temporary Restraining Order to any person who supervises any of their employees performing work at Defendant's poultry processing facilities, including the facility located at 3301 3rd Ave, Jasper, Alabama 35501.

11. Defendant shall comply with the FLSA as specified above and in all other respects.

This Temporary Restraining Order shall take effect immediately and remain in effect for 14 days from the date of the Order or further order of this Court.

**IT IS SO ORDERED**.

DATED this _____ of _____, 2024 at _____ o'clock [a.m.][p.m.].

                                                                              _____
                                                                              UNITED STATES DISTRICT JUDGE